UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEANDRE ARNOLD on behalf of TYMYA ARNOLD, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 1:21-CV-4970-SEG |
| CITY OF HAMPTON; WAYNE JERNIGAN in his official and individual capacity; OTANYA CLARKE in her official and individual capacity; STACY COLEY in her official and individual capacity; DERRICK AUSTIN in his official and individual capacity; MELINDA O'NEILL in her official and individual capacity; DENISE HENDERSON; BRIAN AMERO in his individual capacity; SABRIYA HILL in her individual capacity; LYNN CHAMBERS in her official and individual capacity; SUZETTE GRAY in her official and individual capacity; KATY SNYDER in her official and individual capacity; MELISSA BROOKS in her official and individual capacity; HENRY COUNTY, GEORGIA; MARTY MATTHEWS in her official and individual capacity; JEFFREY TAYLOR in his official capacity; JUDICIAL ALTERNATIVES OF GEORGIA LLC; GLORIA BANISTER in her official and individual capacity; and DANNA YU | |

in her official and individual
capacity,

        Defendants.

## O R D E R

This case is before the Court on the Motion to Stay Discovery and Other Proceedings of Defendants City of Hampton, Otanya Clarke, and Wayne Jernigan (Doc. 14), and Plaintiff's Response in Opposition to that motion (Doc. 18). For the reasons explained below, this motion is granted.

Defendants move the Court for a stay pending the Court's decision on their respective Motions to Dismiss (Docs. 8, 10). Since the filing of the Motion to Stay, Defendants City of Hampton, Clarke, and Jernigan have, additionally, filed a Rule 12(c) Motion for Judgment on the Pleadings (Doc. 28). Defendant Melissa Brooks and Defendants Judicial Alternatives of Georgia LLC, Marty Matthews, and Jeffrey Taylor have also filed Motions to Dismiss (Docs. 47, 61). In their Motion to Stay, Defendants City of Hampton, Clarke, and Jernigan argue that their Motions to Dismiss "may resolve all claims" against them and that staying discovery might therefore "save all parties significant time and expense and . . . promote judicial efficiency." (Doc. 14, at 2). Plaintiff opposes the stay. (Doc. 18).

A district court has "broad discretion over the management of pre-trial activities, including discovery and scheduling," *Johnson v. Bd. of Regents of*

*Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001), and has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706, (1997).  Particularly when dispositive motions present facial challenges to the legal sufficiency of a complaint, they "should be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).  Nevertheless, "a stay of discovery pending the determination of a motion to dismiss . . . is the exception rather than the rule."  *Cabrera v. Progressive Behavioral Science, Inc.*, 331 F.R.D. 185, 186 (S.D. Fla. 2019); *see also Cuhaci v. Kouri Group, LP*, 540 F.Supp.3d 1184, 1187 (S.D. Fla. 2021).

A review of the pleadings and the pending dispositive motions in this case indicates that a stay of discovery would serve the interests of judicial economy and might help to avoid unnecessary expense to the parties. Because Plaintiff's complaint names numerous defendants, alleges facts arising out of several events over the course of a year, and pleads at least eleven causes of action, the scope of potential discovery and the attendant "likely costs and burdens of proceeding with discovery" are large and outweigh any potential "harm produced by a delay in discovery." *See Cabrera*, 540 F.Supp.3d at 186 (citing *Feldman v. Flood*, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997)). It is in the interest of all parties that the time and effort involved in discovery be limited

3

in scope to any claims capable of surviving Rule 12 motions. For these reasons, Defendants' Motion to Stay Discovery and Other Proceedings (Doc. 14) is **GRANTED**. All discovery in this case is **STAYED** pending the Court's decision on all pending dispositive motions.

Finally, the January 19 Motion to Dismiss by Defendants City of Hampton and Hampton Police Department (Doc. 3) remains pending. Plaintiff timely filed a First Amended Complaint (Doc. 4) on January 26, which is now the operative pleading in this case. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."). Because Defendants' January 19 Motion to Dismiss is directed at Plaintiff's original Complaint (Doc. 1), which has now been superseded, the January 19 Motion to Dismiss (Doc. 3) is **DENIED AS MOOT**. *See Fountain v. Hyundai Motor Co.*, 2016 WL 4361528, at *2 (N.D. Ga. Mar. 4, 2016) ("The filing of the amended complaint has rendered the arguments contained in the first motion to dismiss moot.").

**SO ORDERED** this 16th day of June, 2022.

_____
SARAH E. GERAGHTY
United States District Judge